# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FANCY MOORE LIPSEY,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 1:23-cv-00976-ADA-SAB<br><br>ORDER DENYING REQUEST FOR EXTENSION OF TIME TO FILE APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PLAINTIFF TO PAY FILING FEE<br><br>(ECF No. 12)<br><br>**DEADLINE: OCTOBER 5, 2023** |

Plaintiff Fancy Moore Lipsey filed the complaint in this action on June 23, 2023. (ECF No. 2.) Plaintiff is a state prisoner proceeding with counsel. Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 3.) On July 5, 2023, the Court received Plaintiff's prisoner trust account statement from the Central California Women's Facility (CCWF). (ECF No. 6.) The statement provided that as of July 3, 2023, Plaintiff had $20,083.79 in the trust account, and finding the available balance in Plaintiff's account reflected that Plaintiff could pay the $402.00 filing fee for this action, on July 6, 2023, the Court issued findings and recommendations that the application to proceed *in forma pauperis* be denied. (ECF No. 8.) The Court's recommendation specifically stated:

///

1

> Should Plaintiff have additional information to provide the Court, or should Plaintiff's available balance change by the time he receives this order, he may notify the Court. However, Plaintiff is advised that the Court has the authority to consider any reasons and circumstances for any change in Plaintiff's available assets and funds. See Collier v. Tatum, 722 F.2d 653, 656 (11th Cir. 1983) (district court may consider an unexplained decrease in an inmate's trust account, or whether an inmate's account has been depleted intentionally to avoid court costs).

(ECF No. 8 at 2-3.)

Plaintiff, still represented by counsel, did not file objections to the findings and recommendations within the time period to do so. (ECF No. 11.) On September 5, 2023, the District Judge adopted the findings and recommendations and ordered Plaintiff to pay the filing fee within thirty (30) days of service of the order. (ECF No. 11.) The filing fee is thus due October 5, 2023.

On September 15, 2023, Plaintiff filed a continuance of a proffered deadline to file the *in forma pauperis* application with an original signature. (ECF No. 12.) Plaintiff's request indicates she filed an application to proceed *in forma pauperis* on or about August 14, 2023, and the Court rejected that application on the grounds that it required an original signature.[1] Plaintiff contends that the Court provided a September 15, 2023, deadline to file the application with an original signature. However, the District Judge's order adopting did not discuss any signing deficiency, nor did it include an order to file an application to proceed *in forma pauperis* to submit an original signature by September 15, 2023. (ECF No. 11.) Therefore, it is not clear if this request was filed mistakenly in this action. Further, Plaintiff's instant filings were not signed as required pursuant to Local Rule 131(b).

In the Court's view, Plaintiff was ordered to pay the filing fee in this action by October 5, 2023, and has not. (ECF No. 11.) The District Judge's order expressly stated: "Plaintiff is ordered to submit the appropriate filing fee in full no later than thirty (30) days from the date of service of this order; and [] Plaintiff is warned that failure to comply with this order will result in dismissal of this action." (ECF No. 11 at 2.) Given the fact Plaintiff is represented by counsel,

---

[1] The Court notes that a first amended complaint was filed on August 14, 2023, before the date the District Judge adopted the findings and recommendations, without a contemporaneously filed application to proceed *in forma pauperis*.

the previous recommendation based on the trust statement, the District Judge's order adopting that required Plaintiff to pay the filing fee with no order to file an application with an original signature by September 15, 2023, the Court shall deny Plaintiff's request for an extension of time to file an application to proceed *in forma pauperis* containing an original signature.  Plaintiff and Plaintiff's counsel are warned that this action may be summarily dismissed if the filing fee is not paid by October 5, 2023, as ordered by the District Judge in this action.

Based upon the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for continuance of deadline to file original signature in application to proceed *in forma pauperis* (ECF No. 12) is DENIED; and

2. **On or before October 5, 2023**, Plaintiff shall pay the filing fee for this action, or this action is subject to dismissal for failure to pay the filing fee in this action, failure to comply with the Court's order, and failure to prosecute.

IT IS SO ORDERED.

Dated:   **September 18, 2023**

UNITED STATES MAGISTRATE JUDGE