UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FANCY MOORE LIPSEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | Case No. 1:23-cv-00976-JLT-HBK (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(m)<br><br>ORDER NOTING VOLUNTARY DISMISSAL UNDER RULE 41(a)(1)(A)(i) OF CERTAIN DEFENDANTS |

　　　　This matter was reassigned to the undersigned magistrate judge on July 3, 2025, and is before the Court following review of the file. (*See* Doc. No. 47).

　　　　Plaintiff filed her complaint on June 23, 2023, and her first amended complaint on August 14, 2023. (Doc. Nos. 2, 10). The Clerk of Court issued summonses for Defendants on October 6, 2023. (Doc. Nos. 14, 15). Plaintiff filed a second amended complaint on March 4, 2024. (Doc. No. 29). On January 24, 2024, counsel for Defendant Michael Pallares entered an appearance in this action. (Doc. No. 26). The Court thus assumes that service was effectuated upon Defendant Pallares.

　　　　Noting that "no proofs of service indicating that the operative complaint in each matter [related to this case] was served on the appropriate defendant(s) ha[d] been filed with the Court," on November 12, 2024, the previously assigned magistrate judge ordered Plaintiff's counsel to "inform the Court why he has not filed the appropriate proofs of service with the Court" or,

alternatively, file the proofs of service within seven days. (Doc. No. 41). On January 2, 2025, the Court issued a second order after Plaintiff failed to respond. (Doc. No. 43). On January 6, 2025, Plaintiff filed a response noting Plaintiff's voluntary dismissal of the State of California and the California Department of Corrections and Rehabilitation. (Doc. No. 44).

Plaintiff may voluntarily dismiss any defendant or claim without a court order by filing a notice of dismissal before the opposing party answers the complaint or moves for summary judgment. Fed. R. Civ. P. 41 (a)(1)(A)(i). Here, no party has answered or moved for summary judgment. (*See* docket). Thus, the Court will direct the Clerk of Court to correct the docket to reflect Plaintiff's notice of voluntary dismissal under Rule 41(a)(1) of Defendants State of California and the California Department of Corrections and Rehabilitation.

Although Plaintiff requests that Officer Gregory Rodriguez remain a Defendant because he has been served by Plaintiff (Doc. No. 44 at 2), no proof of service as to Rodriguez has been filed. (*See generally* docket). Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days of filing the complaint. The time may be extended for good cause shown. If a defendant is not served within the requisite time period, after notice to plaintiff, the court must dismiss the action without prejudice, or order that service be made within a certain time period. (*Id.*) (emphasis added). Because more than 90 days have passed and it appears only Defendants CDCR and Pallares have been served a copy of the complaint and summons, Plaintiff is directed to show good cause why the remaining Defendant named in the SAC—Defendant Officer Greg Rodriguez—should not be dismissed under Rule 4.

Accordingly, it is **ORDERED**:

1. Within fourteen (14) days of the date on this Order, Plaintiff shall show good cause why Defendant Rodriguez should not be dismissed under Federal Rule of Civil Procedure 4(m).

2. Failure to respond to this order will result in the recommendation that Plaintiff's claims against Defendant Rodriguez be dismissed without prejudice without further notice.

3. The Clerk of Court shall correct the docket[1] to reflect Plaintiff's notice of voluntary dismissal of Defendants State of California and the California Department of Corrections and Rehabilitation consistent with Plaintiff's construed Rule 41(a)(1)(A)(i) notice (Doc. No. 44).

Dated: July 31, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Based on the SAC and Plaintiff's Notice of Voluntary Dismissal, only Defendant Pallares and Rodriguez remain as named Defendants.