1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FANCY MOORE LIPSEY,                          Case No.  1:23-cv-00976-JLT-HBK (PC)

12                 Plaintiff,                      FINDINGS AND RECOMMENDATIONS TO
                                                   GRANT IN PART AND DENY IN PART
13          v.                                     DEFENDANT PALLARES' MOTION TO
                                                   DISMISS[1]
14   OFFICER GREG RODRIGUEZ and
     MICHAEL PALLARES,                             (Doc. No. 31)
15
                  Defendants.                      FOURTEEN DAY DEADLINE
16

17

18          This matter was reassigned to the undersigned on July 3, 2025.  (Doc. No. 47).  Plaintiff

19   Fancy Moore Lipsey is a state prisoner proceeding through counsel on her Second Amended

20   Complaint alleging violations of civil and constitutional Rights under 42 U.S.C. § 1983.  (Doc.

21   No. 29, "SAC").  Defendant Michael Pallares filed a motion to dismiss pursuant to Federal Rule

22   of Civil Procedure 12(b)(6).  (Doc. No. 31).  Plaintiff filed an opposition (Doc. No. 35), and

23   Defendant filed a reply (Doc. No. 36).  For the reasons set forth below, the undersigned

24   recommends the district court grant in part and deny in part the motion to dismiss.  Specifically,

25   the undersigned recommends that Defendant Pallares' motion to dismiss be granted as to

26   Plaintiff's first and second claims, but denied as to Plaintiff's third and fourth claims.

27   _____
     [1]This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of
28   California Local Rule 302 (E.D. Cal. 2025).

1      I.       BACKGROUND

2          A.    Case Initiation and the SAC

3          After Plaintiff's claims were severed, she filed a First Amended Complaint on August 14,

4    2023.  (Doc. Nos. 1, 11).  After service, the parties stipulated to the dismissal of certain

5    Defendants and Plaintiff being permitted to file a second amended complaint.  (Doc. No. 24).

6    Plaintiff filed her SAC on March 4, 2024, naming as Defendants Officer Greg Rodriguez, Acting

7    Warden Miachael Pallares, and Does 1 to 30.[2]  (Doc. No. 29 at 3, ¶¶ 6-8).  Defendant Pallares is

8    sued in his individual capacity.  (*Id.* at 3, ¶ 6).  Plaintiff claims to be a "transwoman." [3](*Id.*, ¶ 5).

9    The SAC alleges that at all relevant times, Plaintiff was incarcerated at CDCR's Central

10   California Women's Facility ("CCWF"), where Defendant Pallares was the acting warden.  (*Id.* at

11   3, ¶ 6).  "[A]t various and repeated times from in 2021, including in particular but not limited to

12   July, September and November of 2021," various CCWF employees, including but not limited to

13   Defendant Rodriguez, "forced, coerced, intimidated and threated [Plaintiff] that if she did not

14   perform sexual acts with those men that they would take punitive action against her including, but

15   not limited to, transferring her to a mens' facility, placing her in solitary confinement or (Ad Seg),

16   or other punitive and uncomfortable punishments."  (*Id.* at 5, ¶ 16).

17         Plaintiff alleges in June of 2021 while she was housed in Ad Seg, Defendant Pallares

18   "approached [Plaintiff] and told her that if she 'did him a favor' (meaning a sexual favor) that he

19   would release her from Ad Seg," Plaintiff refused and Defendant Pallares allegedly responded

20   that if she reported him, he would "have her transferred to a mens' prison."  (*Id.* at 5-6, ¶ 19).

21         Plaintiff alleges she was sexually abused by Defendant Rodriguez at least four times

22   between July of 2021 and November of 2021.  Specifically,  "in July of 2021 and September of

23   2021, Officer Rodriguez forced [Plaintiff] to perform fellatio on him" and Plaintiff "reported

24   these incidents to prison administration, which at the time was run by Acting Warden Pallares,

25

26   [2] While Plaintiff includes the State of California and California Department of Corrections and
     Rehabilitation in the caption of the SAC, the SAC does not contain any allegations against these parties.
27   (*See* Doc. No. 29).  Further, the parties previously stipulated to the dismissal of these two Defendants and
     the Court recognized their dismissal.  (Doc. Nos. 24, 25).
28   [3] The Court infers that Plaintiff is a biological male who identifies as female.

but received no response." (*Id.* at 5, ¶ 17).  Additionally, on two other occasions in November of 2021, Defendant Rodriguez "directed [Plaintiff] to come with him into the Board of Parole Hearings room (BPH) during which each time he raped her." (*Id.* at 5, ¶18).  "When [Plaintiff] and Officer Rodriguez entered the room Officer Rodriguez turned off the lights and forcibly bent Ms. Lipsey over the desk.  He then approached her from behind on both occasions and raped her." (*Id.* at 6, ¶ 22).

Plaintiff made reports regarding the sexual assault of inmates by the Defendants to prison administration, including to Pallares  but he "did nothing"  other than threaten her" with ADSEG or transfer to a men's prison.  (*Id.* at 7-8, ¶¶ 27,33).  Plaintiff alleges that Pallares "made intentional decisions with respect to the individual co-defendants that allowed them to have unmonitored access to areas not subject to video surveillance or other monitoring." (*Id.* at 9, ¶ 35).

Based on these allegations, Plaintiff asserts four claims: (1) cruel and unusual punishment/excessive force against Rodriguez, Pallares, and Does 1-10; (2) right to bodily integrity against Rodriguez, Pallares, and Does 1-10; (3) failure to protect against Pallares and Does 11-20; and (4) supervisory liability against Pallares and Does 11-20.  (*Id.* at 6-11).

**B.  Defendant's Motion**

On April 3, 2024, Pallares moved to dismiss all claims against him.  (Doc. No. 31).  Defendant argues Plaintiff's first claim for cruel and unusual punishment/excessive force fails because "an Eighth Amendment claim for sexual assault requires that the plaintiff allege the defendant touched the plaintiff in a sexual manner or otherwise personally engaged in sexual misconduct for the defendant's own gratification," but the SAC "contains no allegations that Warden Pallares used any force or touched [Plaintiff] at all, much less in a sexual manner, or otherwise engaged in any sexual misconduct with [Plaintiff]." (Doc. No. 31-1 at 5).

Pallares argues "the allegation that Pallares asked [Plaintiff] for a sexual favor, without any allegations of sexual touching by Pallares, is insufficient to state a claim under the Eighth Amendment" because "mere threats of harm do not state an Eighth Amendment claim." (*Id.* at 6:3-8 (internal citation omitted)).  Additionally, Pallares argues he is entitled to qualified

immunity on this claim because "it was not clearly established that asking an inmate for a sexual favor or threatening an inmate, unaccompanied by any allegations of sexual touching, could violate the Eighth Amendment." (*Id.* at 7:22-25).

Next, Defendant argues Plaintiff's Fourteenth Amendment right to bodily integrity claim is not cognizable because the Eighth Amendment governs convicted inmates' claims regarding alleged sexual assault. (*Id.* at 8:17-18). Further, Defendant argues that "even if the Court is inclined to recognize such a claim, it would fail as to Warden Pallares for the same reasons stated with respect to the Eighth Amendment claim, as [Plaintiff] has alleged no sexual touching or other sexual conduct by Warden Pallares." (*Id.* at 9:2-5). As with the previous claim, Defendant argues he is entitled to qualified immunity because "it is not clearly established that convicted inmates can state a 'bodily integrity' claim under the Fourteenth Amendment." (*Id.* at 9:10-11).

Turning to Plaintiff's failure to protect claim, Defendant argues "Plaintiff has not alleged sufficient facts to state a claim for failure to protect" because she only "vaguely claims incidents of sexual assault were reported to prison administration, which at the time was run by Acting Warden Pallares, but received no response" and fails "to specify any particular act or omission of Defendant that caused [her] injuries." (*Id.* at 11:2-13 (citation modified)). As to the supervisory liability claim, Defendant argues such fails because there is no *respondeat superior* liability under 42 U.S.C. § 1983 and the SAC does not allege "any facts plausibly suggesting that Warden Pallares was on notice that Defendant Rodriguez or any other staff were sexually assaulting inmates." (*Id.* at 11-12). Defendant argues this failure to allege sufficient facts to support the claim also entitles him to qualified immunity. (*Id.* at 13). Finally, Defendant argues dismissal with prejudice is proper because amendment would be futile. (*Id.* at 13-14).

**C. Plaintiff's Opposition**

Plaintiff filed her opposition to Defendant's Motion on July 5, 2024. (Doc. No. 35). Plaintiff first argues that Pallares is not entitled to qualified immunity because he "knew and [was] aware that female inmates had complained of sexual harassment, sexual assault and rape by Officer Rodriguez at the BPH Hearing Office and failed to remove Officer Rodriguez from the BPH assignment or install a video system in the Hearing Office to monitor that location." (*Id.* at

1   3-4).  Additionally, Plaintiff argues the right to be free from sexual abuse is clearly established.

2   (*Id.* at 4:10-16).

3       Plaintiff next addresses the substance of her claims.  In a heading asserting she has alleged

4   facts sufficient to support her cruel and unusual punishment claim, Plaintiff argues that her

5   "failure to protect claim under the Eighth Amendment against Pallares is asserting liability for

6   [his] culpable inaction and is properly pled."  (*Id.* at 7:17-19).  Plaintiff proceeds to set forth

7   argument concerning whether Pallares acted with deliberate indifference in support of her failure

8   to protect claim without otherwise addressing a direct cruel and unusual punishment claim.  (*Id.* at

9   7-9).

10      As to her bodily integrity claim, Plaintiff argues Pallares "has wrongfully argued that the

11  8th and 14th Amendments do not apply to [her] because she is an inmate rather than a person in

12  custody pre-conviction" but "[a]n inmate does not lose that substantive due process right simply

13  because they become an inmate at a prison."  (*Id.* at 9:8-19).  Plaintiff asserts that because "a

14  'special relationship' existed between Pallares and [Plaintiff] in that Pallares was the Acting

15  Warden who had control over [Plaintiff]," he had the "ultimate responsibility … to ensure that

16  [Plaintiff's] bodily integrity was not being violated."  (*Id.* at 10:2-6).

17      Next, Plaintiff argues her "failure to protect claim under the Eighth Amendment against

18  Pallares is asserting liability for Pallares's culpable inaction and is properly pled" because she

19  alleged that she was "sexually harassed, assaulted and raped by Defendant Rodriguez while at

20  CCWF and *after* prior complaints had been made to Pallares that Rodriguez was sexually

21  assaulting and raping women at CCWF in the BPH Hearing Office" but "Pallares took no action

22  to stop the rapes of female inmates by Rodriguez."  (*Id.* at 10-11).  This argument in support of

23  her failure to protect claim is the same argument advanced in support of her cruel and unusual

24  punishment claim.  (*Compare id.* at 8-9 *with id.* at 11-12).  Plaintiff argues she has also pled

25  sufficient facts to support her supervisory liability claim because she alleged "Pallares had

26  received prior complaints that Rodriguez was violating the prison's PREA policies and took no

27  action to supervise or discipline Rodriguez" and "continued to grant Rodriguez overtime shifts at

28  BPH, an unmonitored location that Rodriguez was not assigned to, after receiving complaints."

5

1  (*Id.* at 13:3-12).  To the extent the Court grants Defendant's motion in any respect, Plaintiff

2  requests leave to amend.  (*Id.* at 13-14).

3      **D.  Defendant's Reply**

4      Defendant filed his reply on July 15, 2024.  (Doc. No. 36).  Defendant argues Plaintiff's

5  opposition appears to concede that the SAC "does not state a claim for verbal harassment,

6  excessive force, or sexual assault against Warden Pallares under the Eighth Amendment" because

7  Plaintiff's "argument concerning the first claim for relief discusses the Fourteenth Amendment

8  and failure to protect under the Eighth Amendment, which are the second and third claims for

9  relief."  (*Id.* at 2:2-7).

10      To the extent Plaintiff's argument can be read as basing her first claim "on a failure-to-

11  protect theory or supervisory liability," such would be "duplicative of the third and fourth claims

12  for relief" and fails for insufficient facts.  (*Id.* at 3:6-9).  As to the bodily integrity claim,

13  Defendant argues the cases cited by Plaintiff to support such a claim are distinguishable because

14  they did not involve a convicted inmate.  (*Id.* at 3-5).

15      Defendant argues the failure to protect claim fails because the SAC does not contain

16  "sufficient allegations from which an inference could be drawn that Warden Pallares (1) was

17  aware of facts from which he could infer that Officer Rodriguez presented a substantial risk of

18  serious harm to Lipsey for sexual assault and (2) that Warden Pallares actually drew that

19  inference and intentionally ignored the risk."  (*Id.* at 6:15-19).  Further, Defendant argues

20  Plaintiff's "allegations are contradictory in terms of what was reported, when, and to whom"

21  because while Plaintiff alleges that Defendant Rodriguez "forced [her] to 'perform fellatio on

22  him' in July and September of 2021" and then reported these incidents, "[t]here are no allegations

23  that Warden Pallares received or was aware of, any such 'reports,' either generally, or with regard

24  to Officer Rodriguez specifically."  (*Id.* at 6-7).  Defendant argues the supervisory liability claim

25  fails for generally the same reasons as the failure to protect claim.  (*Id.* at 8).  Finally, Defendant

26  renews his argument that dismissal should be without leave to amend because despite requesting

27  leave to amend, Plaintiff "offers this Court no additional allegations beyond those already plead

28  that could remedy the deficiencies that Warden Pallares has identified."  (*Id.* at 8:20-21).

1    **II.    STANDARD OF REVIEW**

2         A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "tests the

3    legal sufficiency of a claim." *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir.

4    2011).  Dismissal for failure to state a claim is proper if there is a "lack of a cognizable legal

5    theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.; see*

6    *also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (to survive a motion to dismiss, the

7    complaint must have sufficient facts to state a facially plausible claim to relief).  In deciding a

8    motion under Rule 12(b)(6), the court accepts as true all well-pled factual allegations in the

9    complaint and determines whether the factual allegations are sufficient to state a right to relief

10    above the speculative level.  *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *see also Nw. Envtl. Def. Ctr.*

11    *v. Brown,* 640 F.3d 1063, 1070 (9th Cir. 2011) (court accepts as true all material allegations in the

12    complaint, as well as any reasonable inferences to be drawn from them).

13         "Where a motion to dismiss is granted, a district court must decide whether to grant leave

14    to amend.  Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave

15    to amend should be freely granted." *Winebarger v. Pennsylvania Higher Educ. Assistance*

16    *Agency*, 411 F. Supp. 3d 1070, 1082 (C.D. Cal. 2019) (citation omitted).  However, where leave

17    to amend would be futile, because "the allegation of other facts consistent with the challenged

18    pleading could not possibly cure the deficiency," leave to amend may be denied.  *DeSoto v. Yello*

19    *Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

20    **III.    ANALYSIS**

21         **A.  Eighth Amendment Claims**

22         Plaintiff's first claim for cruel and unusual punishment/excessive force, her third claim for

23    failure to protect, and her fourth claim predicated upon supervisory liability arise under the Eighth

24    Amendment, which "prohibits cruel and unusual punishment in penal institutions." *Wood v.*

25    *Beauclair*, 692 F.3d 1041, 1045 (9th Cir. 2012).  "To state a claim under § 1983, a plaintiff must

26    allege the violation of a right secured by the Constitution and laws of the United States, and must

27    show that the alleged deprivation was committed by a person acting under color of state law."

28    *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

**1.  First Claim: Eighth Amendment Sexual Misconduct**

As to Plaintiff's first claim alleging an Eighth Amendment violation stemming from the sexual abuse to which she was subjected, "[s]exual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Id.* at 1046; *see also  Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000).  To evaluate such a claim, courts consider a subjective requirement of whether an official acted with "a sufficiently culpable state of mind," *id.* at 1196, and an objective requirement of whether the act itself was "offensive to human dignity."  *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012).  The Ninth Circuit has found that "a sexual assault on a prisoner by a prison guard is *always* 'deeply offensive to human dignity' and is completely void of penological justification."  *Id.* at 1051.

Here, the SAC contains no allegations that Pallares was directly involved in sexually assaulting Plaintiff, nor does Plaintiff argue in her opposition that Pallares was directly involved in sexually assaulting her.  (*See* Doc. Nos. 31, 35).  Although Plaintiff alleges in her SAC that Defendant Pallares asked Plaintiff for a sexual favor—threatening to transfer her to a men's prison if she reported this behavior— verbal sexual harassment alone is not cruel and unusual punishment under the Eighth Amendment.  *See Austin v. Terhune*, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (stating, "the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment"); *Jones v. Moisa*, 2024 WL 3529096, at *5 (C.D. Cal. June 24, 2024) (finding that inmate failed to state Eighth Amendment claim where he alleged he was subjected to "verbal harassment and sexual leering, but with no touching," and collecting cases); *Martin v. Cal. Dep't of Corr. & Rehab.*, , 2023 WL 6930801, at *2 (E.D. Cal. Oct. 19, 2023) ("Where no inappropriate touching is pled, claims alleging mere verbal sexual harassment or otherwise sexually inappropriate conduct have generally been found to be noncognizable under the Eighth Amendment." (collecting cases)), *report and recommendation adopted*, 2023 WL 7928216 (E.D. Cal. Nov. 16, 2023).  There are no allegations that Defendant Pallares touched Plaintiff in a sexual manner or otherwise personally engaged in sexual misconduct for his own gratification, which are necessary to state an Eighth  Amendment claim.  *Bearchild v. Cobban*, 947 F.3d 1130, 1140 (9th Cir. 2020) (defining "sexual assault" in an Eighth Amenmdnet context and holding "a

8

1  prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff

2  member, acting under color of law and without legitimate penological justification, touched the

3  prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own

4  sexual gratification, or for the purpose of humiliating, degrading, or demeaning the

5  prisoner.").  Plaintiff has not cited to, and the Court is unable to identify any legal authority  that

6  the verbal comments attributed to Pallares, without more, amounts to cruel and unusual

7  punishment under the Eighth Amendment.

8         Defendant further argues Plaintiff's reliance on law setting forth the standard for a failure

9  to protect claim in support of her cruel and unusual punishment claim appears to be a concession

10  that Pallares was not directly involved in her assaults.  The SAC's total failure to allege any facts

11  indicating that Pallares was involved in Plaintiff's alleged sexual assaults is fatal to Plaintiff's

12  Eighth Amendment cruel and unusual punishment of sexual misconduct claim against Pallares,

13  and her first cause of action is properly dismissed.

14         **2.  Third Claim: Eighth Amendment Failure to Protect**

15         Under the Eighth Amendment, prison officials have an affirmative obligation to protect

16  prisoners from violence inflicted by others.  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994);

17  *Labatad v. Corrs. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013).  The failure of prison

18  officials to protect inmates from attacks "may rise to the level of an Eighth Amendment violation

19  if prison officials know of and disregard a substantial risk of serious harm to the plaintiff."

20  *Thomas v. Hernandez*, No. 2:21-cv-01638-TLN-DMC-P, 2022 WL 1173339, at *4 (E.D. Cal.

21  Apr. 20, 2022) (citing *Farmer*, 511 U.S. at 847, *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir.

22  2005)).  A failure to protect claim requires a showing of both objective and subjective and

23  objective components: (1) the inmate must face an objectively, sufficiently serious risk of harm;

24  and (2)  the official must have been aware of facts showing a substantial risk of serious harm and

25  consciously disregarded that risk by failing to take reasonable measures to prevent it.  *Labatad*,

26  714 F.3d at 1160.

27         Turning to the failure to protect claim in Plaintiff's third cause of action, the undersigned

28  concludes that while the addition of more specific facts in the SAC may have been beneficial,

9

Plaintiff has still alleged sufficient facts to state a claim at the pleading stage.  Notably, Plaintiff alleges that Defendant Rodriguez sexually abused her four times over a three-month period, and that she reported all these events to prison administration, including Pallares.  (Doc. No. 29 at 5-8, ¶¶ 16-18, 27, 33).  Based on the number of alleged assaults and the time period over which they occurred and given Plaintiff's allegation that she reported all of the assaults to prison officials, including Pallares, the Court can reasonably infer that Plaintiff was assaulted at least once after reporting previous assaults to Pallares.  Additionally, Plaintiff's allegation that Pallares himself asked for a "sexual favor" from Plaintiff implies that he was aware of the previous sexual assaults committed  against Plaintiff.  While discovery may ultimately reveal such was not the case, at this stage in the proceedings the Court must accept Plaintiff's allegations as true and draw every reasonable inference in her favor.  Accordingly, Plaintiff has stated an Eighth Amendment failure to protect claim against Pallares.

Defendant largely relies on cases where prisoner plaintiffs alleged that administrative defendants were aware of dangers the plaintiffs faced because the defendants were involved in denying or rejecting administrative appeals.  *See Phillips v. Borders*, No. EDCV 16-01568-MWF (JDE), 2018 WL 4674593, at *5 (C.D. Cal. June 28, 2018) (explaining that "a prison official's denial of an inmate's appeal generally does not constitute significant participation in an alleged constitutional violation sufficient to give rise to personal liability"); *see Swan v. R.J. Donavan C.F.*, No. 21-CV-1455 JLS (MDD), 2022 WL 2134605, at *4 (S.D. Cal. June 14, 2022) (in order to plead a claim against warden, plaintiff "must do more than state that [warden] failed to grant his administrative appeals"); *Ivy v. Wingo*, No. 3:20-cv-01345-CAB-AHG, 2020 WL 5709278, at *7 (S.D. Cal. Sept. 24, 2020).  Here, however, the SAC asserts that Plaintiff reported her alleged assaults directly to Pallares, and he failed to take action to prevent future assaults.  (Doc. No. 29 at 8, ¶ 33).  Such is sufficient to survive Defendant's motion to dismiss.

### 3.  Fourth Claim: Eighth Amendment Supervisory Liability

It is important to note that supervisory liability under 42 U.S.C. § 1983 does not recognize a claim against a supervisor based solely on the common law concept of *respondeat superior*. *Iqbal*, 556 U.S. at 676.  Instead, to hold a supervisor liable in his individual capacity under §

1    1983, the litigant must be able to show that  (1) the supervisor personally participated in the

2    constitutional violation, or (2) there is a "sufficient causal connection between the supervisor's

3    wrongful conduct and the constitutional violation."  *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir.

4    2011) (quoting *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989)).  Further, for such liability

5    to attach, supervisors must have actual supervisory authority over the government actor who

6    committed the alleged violations.  *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018).

7         Plaintiff's fourth claim attributes liability to Pallares under a theory of supervisory

8    liability.  (No. 29 at 10-12).  Supervisors can be held liable for: "1) their own culpable action or

9    inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the

10   constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless

11   or callous indifference to the rights of others."  *Hyde v. City of Willcox*, 23 F.4th 863, 874 (9th

12   Cir. 2022).

13        Here, Plaintiff alleges sufficient facts that she put Pallares on notice of Rodriguez

14   misconduct such that he was aware of Rodriguez's unconstitutional conduct or the risk of it

15   occurring again in the future, but that he knowingly disregarded that risk.  Although somewhat

16   duplicative of Plaintiff's failure to protect claim,[4] Pallares failure to take any action was the

17   proximate cause of the continuing constitutional violations committed against Plaintiff by

18   Rodriguez.

19        In *Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991), the Ninth Circuit approved

20   the district court's instruction that the jury could find a police chief liable in his individual

21   capacity if he "set[ ] in motion a series of acts by others, or knowingly refused to terminate a

22   series of acts by others, which he kn[e]w or reasonably should [have] know[n], would cause

23   others to inflict the constitutional injury."  *Id*. at 646 (citations omitted); *see also*, *Maxwell v.*

24   *County of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013) (supervisor can be held liable in his

25   individual capacity if he "knew of the violations and failed to act to prevent them.").  Thus,

26   Plaintiff's has adequately stated a failure to protect claim in her fourth claim.

27   _____

28   [4]Eighth Amendment failure-to-protect claims and supervisory liability claims nonetheless are distinct legal
     theories with different elements that can be raised in the same lawsuit.

### B. Fourteenth Amendment

Plaintiff's second claim alleges Defendants violated her Fourteenth Amendment right to bodily integrity when they sexually assaulted her. (Doc. No. 29 at 8). However, as Defendant argues, Plaintiff's status as an inmate means that her claim necessarily arises under the Eighth rather than Fourteenth Amendment. As discussed above, the Ninth Circuit has concluded that "[s]exual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood*, 692 F.3d at 1046. "[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)). Accordingly, Plaintiff's right to bodily integrity claim is more properly analyzed as an excessive force claim under the Eighth Amendment and fails for the reasons discussed above—the failure to allege any facts indicating Pallares was involved in her assault. *See Perkins v. Woodford*, 453 F. App'x 711 (9th Cir. 2011) (noting that the district court properly construed state prisoner's Fourteenth Amendment due process claim based on deliberate indifference to his medical needs as an Eighth Amendment claim) (citing *Graham*, 490 U.S. at 395). Thus, the undersigned recommends Plaintiff's second claim be dismissed.

### C. Qualified Immunity

Defendants argue Pallares is entitled to qualified immunity on Plaintiff's claims. (Doc. No. 31-1 at 7-9, 13).

Where a plaintiff alleges a § 1983 claim, a government official is entitled to qualified immunity unless (1) the official "violated a federal statutory or constitutional right, and (2) the unlawfulness of his conduct was 'clearly established at the time.'" *District of Columbia v. Wesby*, 583 U.S. 48, 62-63 (2018) (quoting *Reichle v. Hoards*, 566 U.S. 658, 664 (2012)); *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982). To demonstrate that a right was "clearly established" requires a showing that the statutory or constitutional question was "beyond debate," such that every reasonable official would understand that what he is doing is unlawful. *Wesby*, 583 U.S. at 63; *Vos v. City of Newport Beach*, 892 F.3d 1024, 1035 (9th Cir. 2018).

As discussed above, Plaintiff has sufficiently alleged Pallares failed to protect her from sexual abuse by Rodriguez in violation of the Eighth Amendment. Additionally, "it was clearly established [at the time of the assault] that a failure to protect inmates from sexual abuse violated the Eighth Amendment." *Ramos v. Swatzell*, 669 F. App'x 486, 487 (9th Cir. 2016) (citing *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) and *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009)). Accordingly, at this stage in the proceedings, Pallares is not entitled to qualified immunity. *See Ramos*, 669 F. App'x at 486 (affirming denial of qualified immunity to warden of women's prison where plaintiffs alleged that he "failed to take reasonable measures to protect them as inmates from sexual abuse by a correctional officer").

**D. Leave to Amend**

"Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantez v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Here, Plaintiff already amended her complaint once and leave to amend Plaintiff's Eighth Amendment sexual misconduct (claim one) and Fourteenth Amendment bodily integrity claim (claim two) is not warranted because amendment would be futile.

Accordingly, it is **RECOMMENDED**:

1. Defendant Pallares' Motion to Dismiss (Doc. No. 31) be **GRANTED** with respect to Plaintiff's Eighth Amendment cruel and unusual claim of sexual misconduct (claim one) and Plaintiff's Fourteenth Amendment bodily integrity claim (claim two).

2. Defendant Pallares' Motion to Dismiss (Doc. No. 31) be **DENIED** as to Plaintiff's Eighth Amendment failure to protect claim (claim three) and Plaintiff's Eighth Amendment supervisory liability claim (claim four).

3. Plaintiff only be allowed to proceed on her Eighth Amendment failure to protect (claim three) and supervisory liability claim (claim four) alleged in her Second Amended Complaint against Defendant Pallares.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District

13

1    Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

2    after being served with a copy of these Findings and Recommendations, a party may file written

3    objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned,

4    "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen**

5    **(15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party

6    wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its

7    CM/ECF document and page number, when possible, or otherwise reference the exhibit with

8    specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by

9    the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. §

10   636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the

11   waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

12

13   Dated:    December 5, 2025

14                                                           HELENA M. BARCH-KUCHTA
                                                            UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28